```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF TENNESSEE
                   WESTERN DIVISION
```
_____

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.          ) | |
| )           | No. 2:12-cr-20229-JTF-cgc |
| SAMUEL ROSSE, III,    ) | |
| ) | |
| Defendant. ) | |
| ) | |

_____

ORDER ADOPTING MAGISTATE JUDGE'S REPORT AND RECOMMENDATION
AND GRANTING WITHOUT PREJUDICE DEFENDANT'S MOTION TO DISMISS
PURSUANT TO 18 U.S.C. SECTIONS 1361 and 1362
_____

Before the Court is Defendant's Motion to Dismiss Pursuant to 18 U.S.C. §§ 1361-1362 filed on September, 16, 2013. (DE #51). On September 18, 2013, the Court referred Defendant's Motion to Dismiss to the Magistrate Judge for report and recommendation pursuant to 28 U.S.C. §636(b). (DE #57). The Court initially set a hearing on Defendant's Motion to Dismiss for December 20, 2013. (DE #80). The hearing was reset to January 21, 2014. (DE #81 - DE #84).

On October 7, 2013, the Magistrate Judge filed a report recommending that the indictment be dismissed without prejudice pursuant to 18 U.S.C. §3162(b)(1)(B). (DE #61). The Defendant timely filed objections to the report on October 21, 2013, (DE

1

#66), in which he requested a hearing on the Motion to Dismiss. The Government, having no objections to the report, filed a Motion for a Hearing before the Court in order to properly address the issuance of a new complaint against the defendant, as well as, for purposes of addressing Defendant's now completed in-custody mental evaluation. The issue of Defendant's mental state arose during the pretrial proceedings of the instant matter. (DE #63). Since the mental evaluation has been concluded, the issue regarding Defendant's in-custody status for purposes of the mental evaluation is now MOOT.

After hearing arguments from counsel, testimony from Mr. Rosse, a *de novo* review of the Magistrate's report and recommendation, the Defendant's objections, and the entire record including the transcript of the detention hearing held on September 18, 2013, the Court adopts the Magistrate's report and finds that the indictment against the Defendant should be dismissed without prejudice. As such, Defendant's motion to dismiss the indictment pursuant to 18 U.S.C. §§ 1361-1362 is granted, however without prejudice.

## **STANDARD OF REVIEW**

District Court Judges have the discretion to refer certain dispositive motions to a Magistrate Judge to conduct hearings, including evidentiary hearings, for submission of proposed findings of fact and proposed recommendations for disposition of

any motion by the District Judge, including a motion to dismiss the indictment pursuant to 28 U.S.C. § 636(b). *U.S. v. Bozeman*, No. 3:11-CR-129, 2012 WL 1071207 *1 (E.D. Tenn. March 29, 2012).

## **ANALYSIS**

The Sixth Amendment of the Constitution provides that in determining whether the defendant's speedy trial rights were violated, the court balances length of delay, reason for delay, defendant's assertion of his right to speedy trial, and prejudice resulting to defendant from the delay. U.S.C.A. Const. Amend. VI, *State v. Wood*, 924 S.W.2d 342, 346 (Tenn. 1996). The first factor must be considerable before the Court needs to consider the other three factors. "Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factor that go into the balance. *State v. Baker*, 614 S.W.2d 614 S.W.2d 352, 355 (Tenn. 1981), quoting *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).

The Speedy Trial Act was enacted to protect both the defendant's right to a speedy trial and the public's interest in prompt adjudication of criminal matters. *United States v. Moss*, 217 F.3d 426, 432 (6th Cir 2000). In the instant case, the parties concede that a Speedy Trial Act violation pursuant to 18 U.S.C. §3161 (d)(2) has occurred. The relevant section under the Speedy Trial Act provides that "the trial shall commence

3

within seventy days from the date the action occasioning the trial becomes final," with the excluded exceptions of those "periods of delay enumerated in Section 3161(h). In essence, certain delays arise before trial during the course of criminal proceedings that are excluded from the seventy-day period. *U.S. v. Murphy*, 241 F.3d 447, 453 (6th Cir. 2001). The defendant bears the burden of proof of whether to dismiss the indictment based on a Speedy Trial Act violation. *Id*. at 454. In this case, the Defendant only raised a violation of his statutory protections under the Speedy Trial Act. Therefore, the Magistrate only considered the Defendant's claim under the Speedy Trial Act.

When deciding whether to dismiss an action with or without prejudice because of a Speedy Trial Act violation, the Speedy Trial Act requires the court to consider the following three factors: 1) the seriousness of the offense; 2) the facts and circumstances that led to the dismissal; and 3) the impact of reprosecution on the administration of the Speedy Trial Act and on the administration of justice. *U.S. v. Moss*, 217 F.3d 426, 430 (6th Cir. 2000). Further, the district court must set forth written findings regarding each of these statutory factors and its reasoning for dismissing the case with or without prejudice.

Analyzing the three factors under the Speedy Trial Act, the Magistrate Judge determined that all three factors weigh in favor of dismissal of the indictment without prejudice because:

1) The Defendant is charged with a drug offense that is categorically classified as serious, i.e. possession with the intent to distribute more than 50 grams of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. §841(a)(1);

2) The seventy-seven (77) day delay from Defendant's arraignment to the Court's setting of his report date was a mere oversight, led to no tactical advantage for the Government nor any prejudice to the Defendant; and

3) Because the Defendant has not suffered any actual prejudice by the delay and there has not been any prosecutorial misconduct, there would be no impact of reprosecution on the administration of justice.

The Defendant raises three objections to the Magistrate's recommendation that the indictment should be dismissed without prejudice. First, the Defendant asserts the time delay beyond the seventy-day provision of the Act was miscalculated by the Magistrate. He contends the actual delay was 107 days, the time from the arraignment to the date of the actual report date, February 1, 2013 because the Court did not provide an express

provision under the Act for tolling the Act.[1] As such, in addressing the Defendant's objections, the question now before the Court is whether the Magistrate properly concluded the indictment should be dismissed without prejudice. The Court agrees.

The Court finds the Defendant's objection to the calculation of the Speedy Trial delay as 77 days is valid, yet inconsequential to the Court's finding that the Defendant was not prejudiced by the delay. The record indicates that time was excluded to a date certain, February 15, 2013. However, the provision for tolling the period of the delay was omitted in the setting notice and the docket entry text.[2] Typically, the Court will utilize an excludable time provision under the Speedy Trial Act, such as 18 U.S.C. §3167(h)(7)(B)(iv), indicating the interests of justice are served in allowing for additional time to prepare outweigh the need for a speedy trial.

Ultimately, neither delay, 77 days or the 107 days as alleged by the Defendant, is excessive. *U.S. v. Howard*, 218 F.3d 556, 564 (6th Cir. 2000)(a delay of five months is not excessive); *U.S. v. White*, 985 F.2d 271, 275 (6th Cir. 1993)(finding a delay of six and a half months is not excessive under

---

[1] The Magistrate's report calculated the date from the arraignment on October 17, 2012, to the date of the setting letter issued on January 4, 2013 for a calculation of 77 days.

[2] The docket entry for the setting notice for the February 1, 2013 Report Date provides "time is excluded until 2/15/13."

the Sixth Amendment); *United States v. Holyfield*, 802 F.2d 846, (6th Cir. 1986)(finding that a five-month delay was constitutional permissible).

Moreover, Defendant failed to assert his Speedy Trial rights during the period of delay from October 18, 2012 to February 1, 2013 or any subsequent time prior to the filing of the motion to dismiss dated September 17, 2013. (DE #52). *U.S. v. O'Dell*, 247 F.3d, 655, 671 (6th Cir. 2001). The failure to assert the right to a speedy trial makes it difficult for a defendant to prove that he was denied a speedy trial. *Barker v. Wingo*, 407 U.S. 514, 532-533, 92 S.Ct. 2182, 2192-2193 (1972). Further, the Court notes he was out on bond during this entire time and did not suffer any prejudice with respect to the Government gaining an advantage or exercising bad faith in the delay. (DE #7, DE #9- DE#13, and DE #16).

Secondly, the Defendant asserts he was and still is prejudiced by the delay. The Court finds the Defendant has not been prejudiced by any of the following factors listed in *Barker*: 1) oppressive pretrial incarceration; 2) anxiety and concern; or 3) the possibility of an impaired defense. Again the record indicates that during the detention hearing held on September 20, 2012, the Magistrate Judge granted Mr. Rosse a $15,000 secured bond. He subsequently posted the mandatory cash bond with the Clerk of Court and was released from custody that

same day. (DE #7- DE #9). At the next court appearance that tolled the Speedy Trial Clock on February 1, 2013, the report date, Defendant then requested more time to prepare and remained on bond. (DE #16). In other words, Mr. Rosse was out on bond during the time that the unexcludable period of delay under the Speedy Trial Act occurred. *Barker*, 407 U.S. at 533, 92 S.Ct. at 2193. At the March 27, 2013 report date, Defendant again was present in court where the Defendant requested additional time for a mental evaluation. (DE #17). At that time, no objection to the Speedy Trial delay was presented. Other continuations as referenced by the Government were made based on Mr. Rosse's physical condition. (DE #19 and DE #60).

Mr. Rosse remained out on bond until he was deemed in need of medical treatment, taken into custody and an order for a mental evaluation entered by this Court on September 9, 2013. (DE #45 and DE #46). The Court set a detention hearing for September 19, 2013 to determine whether the Defendant would be granted a bond and allowed to self-report for the mental evaluation. (DE #49). During the hearing, the Court found Defendant to be a flight risk and ordered that he remain detained for purposes of the mental evaluation. (DE #54, DE #56, DE #78).[3]

---

3 DE #78, p. 7. During the detention hearing, the Court referenced the purpose for the detention hearing was to determine whether the Defendant was a flight risk. The Court noted that "[Rosse] did not show up on his trial date a few

Finally, the Defendant argues the Government's motion for an unwarranted mental evaluation on September 3, 2013, amounts to prosecutorial misconduct which has a clear impact on reprosecution and the administration of justice. (DE #66). Defendant also challenges his in-custody status for a mental competency evaluation as prejudicial and unnecessary. Again this issue is now moot based on the completion of the mental evaluation. Defendant argues the indictment should be dismissed with prejudice because the Government moved for a mental evaluation on the heels of realizing the Speedy Trial Violation had occurred. The Court finds this objection is without merit.

Based on the factual history of this case, Defendant has not been subjected to prosecutorial misconduct. Mr. Rosse was in negotiations with the Government on various occasions regarding a plea agreement and appearances were scheduled and rescheduled before this Court for that very reason. Further,

---

weeks ago." Further, the Court stated, "I understand your issue as far as whether or not he should be in custody when it comes time for his evaluation at whatever facility, but that presupposes that he's not a flight risk or danger to himself or danger to others in the community." DE #78, p. 7. The Court again indicated that "Mr. Rosse [had] missed several court dates." DE #78, p. 44.
 The Court concluded:
 "I have to make a finding that he is a flight risk, that he was malingering to avoid coming to court, either to change his plea or for his long set trial date. He is a flight risk.
  And it can go either way, if he has psychiatric problems, he needs to be in custody in order to protect himself from further attempts at suicide, if that's what this was. And also, to protect the public from him if what we hear is true about all these weapons.
  And if he is not -- does not have a real psychiatric problem or psychological problem or any type of defense with regard to his mental capacity, then I have to make a finding that he has done all of this to avoid court dates, and, therefore, he is a flight risk." DE #78, p. 47.

the Defendant himself had requested time to complete a mental evaluation. During a report date set on March 27, 2013, Defendant appearing with counsel, Mr. Leslie Ballin, requested additional time in which to complete a Mental Evaluation Report. (DE #17, DE #71). During the course of that report date, the following colloquy occurred:

> **MR. BALLIN**: Your Honor, Mr. Rosse is present.
>
> Since we were last here Mr. Rosse, at my request, has been undergoing some psychological evaluations. And speaking with the government I believe that they concur that that's something that I needed to do as his defense counsel.
>
> I spoke with the psychologist yesterday. It's my understanding that there's one more appointment, and then I should be able to tell the court as to whether or not there's any legal psychological defenses.
>
> Toward that goal, discovery - -
>
> **THE COURT**: When is that appointment, do you know?
>
> **MR. BALLIN**: Tomorrow.
>
> **THE COURT**: Tomorrow.
>
> **MR. BALLIN**: Tomorrow.
>
> Toward the goal of resolving the case either by trial or by plea, discovery has been given to us. I've gone over it with my client. Once I get that information back, I would just need a couple of weeks to tell the court where we are.

. . . .

**THE COURT**: All right. You will need at least a couple of weeks to, I'm assuming to finish evaluation and speak with the expert, get reports and things of that nature.[4]

Based on the fact that Defendant was pursuing a mental evaluation, another report date was scheduled for April 26, 2013, and reset for May 23, 2013. (DE #17 and DE #18). On May 22, 2013, Defendant filed a Motion to Continue the report date set on May 23, 2013 because of illness. (DE # 19). On June 18, 2013, Defendant filed an Amended Motion to Waive Appearance at the report date set for June 19, 2013, because he was in Houston, Texas for medical appointments at M.D. Anderson. (DE #24). Lastly, the Defendant's subsequent conduct, the purported suicide attempt, for which he was hospitalized on or about August 26, 2013 led to the Government's Motion to Determine Mental Competency of Defendant to Stand Trial on September 3, 2013, to which Defendant now offers these challenges. (DE #44).

The Court finds the process and the ultimate report stemming from the mental evaluation will not impact Defendant's defense upon reprosecution nor does it demonstrate any Governmental misconduct. Further, Defendant's objection to the Government's motion for a mental evaluation is without merit when he had previously sought the same without contest.

---

[4] DE #71, Transcript, p. 5-7.

For purposes of Defendant's objections to the Magistrate's report that the indictment should be dismissed without prejudice, the mental evaluation is not relevant to the 107-day delay that occurred between the time of Defendant's arraignment to his first report date on February 1, 2013. The motion for the mental evaluation was filed after the Speedy Trial violation occurred. Any alleged prejudice or perceived prosecutorial misconduct must have occurred during that 107 day period in order to have an impact on the Defendant or to his defense, not subsequently. *U.S. v. Tinklenberg*, 579 F.3d 589, 595 (6th Cir. 2009), *aff'd on other grounds*, *U.S. v. Tinklenberg*, 131 S.Ct. 2007 (2011).

## CONCLUSION

For the reasons stated above, the Court adopts the Magistrate's report and recommendation, concluding that the indictment should be dismissed without prejudice. Based on the seriousness of the offense, the facts and circumstances surrounding the dismissal, and the lack of an impact of reprosecution on the administration of justice, the Court finds the indictment should be dismissed without prejudice pursuant to 18 U.S. C. § 3162 (a)(2).

It is SO ORDERED on this 22nd day of January, 2014.

                                         ***s/John T. Fowlkes, Jr.***
                                         JOHN T. FOWLKES, JR.
                                         UNITED STATES DISTRICT JUDGE